**ORIGINAL**

Frank D. Neville
Jason A. Neville
Williams, Porter, Day
 & Neville, P.C.
P. O. Box 10700
Casper, WY 82602
307-265-0700

FILED
DISTRICT OF WYOMING
CASPER

2002 DEC 11 PM 1:47

CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| CINDY D. SAMET, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 02CV1082-J |
| | ) |
| SIMON CONTRACTORS, INC., a | ) |
| Wyoming Corporation and | ) |
| ANDERSON HIGHWAY SIGNS & | ) |
| SUPPLY, INC. d/b/a ANDERSON | ) |
| SIGNS & SUPPLY, a Wyoming | ) |
| Corporation, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW Plaintiff Cindy D. Samet, through counsel, and for her Complaint against Defendants Simon Contractors, Inc. and Anderson Highway Signs & Supply, Inc. d/b/a Anderson Signs & Supply (hereinafter "Anderson Signs & Supply"), pleads and alleges as follows:

Receipt # 298503
Summons: 2 issued

## I. PARTIES AND NATURE OF THE CASE

1. Cindy D. Samet, at all times pertinent to the allegations of this Complaint, is a resident of Chaparral, New Mexico.

2. Defendant Simon Contractors, Inc. is a Wyoming corporation with its principal place of business in the State of Wyoming.

3. Defendant Anderson Signs & Supply is a Wyoming corporation with its principal place of business in Wyoming.

4. Plaintiff was injured when her vehicle was routed off I-25 and funneled over an unprotected and unsigned bridge at mile marker 131.59, south of Douglas, Wyoming.

## II. JURISDICTION AND VENUE

5. Plaintiff Cindy D. Samet is a resident of the State of New Mexico.

6. Defendant Simon Contractors, Inc. is a Wyoming corporation with its principal place of business in the State of Wyoming.

7. Defendant Anderson Signs & Supply is a Wyoming corporation with its principal place of business in the State of Wyoming.

8. This action is brought pursuant to 28 U.S.C. § 1332. As set forth above, all Parties are citizens and residents of different states, thereby effectuating complete diversity. The amount in controversy exceeds the jurisdictional floor of this Court of Seventy Five Thousand Dollars ($75,000.00), exclusive of costs and interest, pursuant to 28 U.S.C. § 1332.

9. The events surrounding the motor vehicle accident that is the subject

of this Complaint occurred in Converse County, Wyoming. Therefore, pursuant to 28 U.S.C. § 1391, the proper venue for this action is the United States District Court for the District of Wyoming.

### III. FACTS COMMON TO ALL CLAIMS FOR RELIEF

10. At the time of the accident, Interstate 25 between Glendo and Douglas, Wyoming was under construction. Vehicles traveling both northbound and southbound on Interstate 25 were routed into the northbound lane off Interstate 25 from approximately mile marker 126 to mile marker 135. This section of highway was unlighted.

11. Defendant Simon Contractors, Inc., at all times pertinent to the facts in this Complaint, was contracted by the Wyoming Department of Transportation to perform road and bridge construction on a section of Interstate 25 between Glendo and Douglas, Wyoming. This construction project, of approximately eight miles in length, is known as Federal Project IM-25-3 (91) 127 and State Project ARSCT-25-3 (91) 127 COMBINED.

12. Defendant Anderson Signs & Supply, at all times pertinent to the facts in this Complaint, was subcontracted by Simon Contractors, Inc. to perform signage and traffic control on the above project.

13. On or about October 29, 2001, Cindy D. Samet was the driver of a 1999 Mercury Tracer traveling south on Interstate 25, south of Douglas, Wyoming. Passengers in her vehicle were Benny Lewelling, Michael Lewelling, and Karen Lewelling.

14. After the Plaintiff's vehicle passed Douglas, Wyoming, highway signage directed her into the northbound lane of Interstate 25.

15. At the time of the accident, Defendant Simon Contractors, Inc. had paved or otherwise laid black asphalt or oil upon the dirt area between the northbound and southbound lanes, creating the appearance of a continuous roadway, without delineating lines or other necessary signage.

16. As Ms. Samet neared mile marker 131.59, her vehicle began traveling in the black median separating the northbound and southbound lanes on Interstate 25.

17. At mile marker 131.59, Interstate 25 becomes a bridge that passes over a service road, SRI-25-#0108. As her vehicle approached this bridge, the vehicle was traveling in the black median separating the northbound and southbound lanes of Interstate 25. Ms. Samet's vehicle continued for approximately one hundred (100) feet, passing between the bridge guardrails.

18. The vehicle became airborne over the service road separation and traveled approximately sixty-two (62) feet in the air before colliding with the bridge abutment on the east side of Interstate 25. The bridge abutment is located more than fourteen (14) vertical feet below Interstate 25.

19. Plaintiff Samet was transported by ambulance from Memorial Hospital of Converse County to Wyoming Medical Center in Casper, for specialized medical care not available at Memorial Hospital of Converse County.

20.     Defendant Simon Contractors is a corporation, and as such can only act through its agents, servants and/or employees. Under the legal concepts of respondent superior and vicarious liability, Defendant Simon Contractors is responsible for the acts and omissions of its agents, servants, and / or employees.

21.     Defendant Anderson Signs & Supply is a corporation, and as such can only act through its agents, servants and/or employees. Under the legal concepts of respondeat superior and vicarious liability, Defendant Anderson Signs & Supply is responsible for the acts and omissions of its agents, servants, and / or employees.

### FIRST CAUSE OF ACTION

#### NEGLIGENCE

22.     On October 16, 2001, a vehicle driven by Carl Failla became airborne and crashed at the same location, milepost 131.59, at approximately the same time of night, and under the same or similar circumstances. Defendants knew, or should have known, of Mr. Failla's vehicle accident and failed to prevent, warn or otherwise act in a reasonable manner to prevent future accidents at this location.

23.     At the time and place of the events described herein, Defendants owed a duty of reasonable care to Plaintiff Samet to avoid causing the personal injuries to Plaintiff.

24.     Defendants Simon Contractors and Anderson Signs & Supply were negligent. Such negligent acts and/or omissions include, but are not limited to, the

following:

    a.    failure to properly sign the construction area in which the accident occurred;

    b.    failure to light the construction area in which the accident occurred;

    c.    failure to warn drivers of unsafe conditions in the construction area where the accident occurred;

    d.    failure to properly delineate driving lanes in the construction area where the accident occurred;

    e.    failure to erect proper barricading to prevent vehicles from traveling in an unsafe area that appeared to be roadway;

    f.    failure to properly hire, train and supervise employees, agents, and/or servants of defendants;

    g.    failure to properly oversee employees, agents, and/or servants of defendants;

    h.    failure to inspect work performed by employees, agents, and/or servants of defendants;

    i.    failure to comply with the State of Wyoming contract for performing highway construction in the area where the accident occurred;

    j.    failure to meet the standards of care requisite in the industry for highway construction and work zone safety.

25.    As a direct and proximate cause of Defendants' acts and omissions, Plaintiff Cindy Samet suffered personal injuries for which Defendants are liable. Plaintiff's damages are more fully set forth under "Damages" below.

## SECOND CAUSE OF ACTION

### Punitive Damages

26. The negligence and carelessness of the Defendants were so gross and culpable in nature that such acts and/or omissions constitute recklessness and wantonness in complete disregard for the safety of others, and specifically in complete disregard for the life and safety of Cindy Samet. As a result of the gross negligence, reckless, willful, and wanton conduct of Defendants, Plaintiff is entitled to recover exemplary and punitive damages. Punitive and exemplary damages are warranted in this action as a punishment to Defendants for their reckless and wanton acts and as a deterrent to Defendants and others for committing the same or similar actions and endangering the general safety of the public.

27. Defendants Simon Contractors and Anderson Signs & Supply had knowledge of facts regarding an accident that occurred at the same location under the same or similar circumstances on October 16, 2001, or intentionally avoided learning knowledge of such facts, or recklessly disregarded those facts, which created a high degree of risk of harm to the substantial interest of Plaintiff Cindy Samet. Defendants deliberately proceeded to act in conscious disregard of or indifference to the risk to the public, or recklessly proceeded in an unreasonable disregard of or indifference to the risk to the public. As a direct and proximate cause and result of the gross negligence, reckless, willful and wanton conduct of

Defendants, Plaintiff Samet is entitled to recover actual, exemplary and punitive damages as set forth below in the section of this Complaint entitled "Damages."

### DAMAGES

28. As a direct and proximate cause and result of the carelessness, negligence, gross negligence, and reckless and wanton acts of Defendants Simon Contractors and Anderson Signs & Supply, Plaintiff has suffered permanent disfiguring bodily injuries, severe mental trauma and emotional distress, past and future pain and suffering, past and future lost wages, past and future loss of earning capacity, as well as other damages to be proved at trial.

29. Plaintiff Samet, as a result of the personal injuries sustained in the accident described herein, is entitled to punitive and exemplary damages in a reasonable amount sufficient to adequately punish Defendants Simon Contractors and Anderson Signs & Supply, and to dissuade future conduct of the type alleged in this Complaint, and all allowable costs, expenses and attorneys fees associated with this litigation.

WHEREFORE, Plaintiff respectfully prays this Court enter its judgment against Defendants in an amount supported by the allegations in this Complaint, as well as for costs and expenses, and such further relief as the Court deems equitable and proper.

Dated this 11th day of December, 2002.

                                  CINDY D. SAMET, Plaintiff

By: _____
     Frank D. Neville
     Jason A. Neville
     Williams, Porter, Day & Neville, P.C.
     P. O. Box 10700
     Casper, WY  82602
     307-265-0700